UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HAYDN WORSLEY, </br></br>    Petitioner, </br></br>    v. </br></br> CONNIE GIPSON, Warden </br></br>    Respondent. | Case No.: 1:14-cv-01323-JLT </br></br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS </br></br> ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on August 25, 2014.[1] A preliminary review of the petition,

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court would normally consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. However, in this case, Petitioner signed the instant petition under penalty of perjury and indicated the year, i.e.,

1

however, reveals that the petition may be untimely and should therefore be dismissed.

## DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 25, 2014, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

"2014," but did not write a specific date on the final page of the petition. (Doc. 1, p. 15). Accordingly, the Court will consider the actual filing date to be the operative date for any statute of limitations analysis.

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 24, 2002. (Doc. 1, p. 1). Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which reversed the judgment and remanded for re-sentencing only on February 28, 2005.[2] (Id., p. 2). Petitioner then filed a petition for review that was denied by the California Supreme Court on May 16, 2005 in case no. F044504. Following re-sentencing, Petitioner again appealed to the 5th DCA, and in case no. F048376, the 5th DCA affirmed the sentence following remand on May 26, 2006, but remanded the case for unspecified reasons. Petitioner did not file a petition for review following the 5th DCA's ruling. The State of California's court records to not indicate any further action by the appellate courts on Petitioner's conviction and sentence following the final remand.

According to the California Rules of Court, a decision of the Court of Appeal becomes final

---

[2] Although Petitioner does not specify the chronology of his entire direct appeal, the Court has accessed the California court system's electronic database to fill in the necessary dates.

The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1  thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be
2  taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule
3  8.500(e)(1).  Thus, Petitioner's conviction would become final forty days after the Court of Appeal's
4  decision was filed, or on July 5, 2006.  Petitioner would then have one year from the following day,
5  July 6, 2006, or until July 5, 2007, absent applicable tolling, within which to file his federal petition
6  for writ of habeas corpus.

7  As mentioned, the instant petition was filed on August 25, 2014, seven years after the date the
8  one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable
9  tolling sufficient to account for the ensuing seven years, the instant petition is untimely and should be
10 dismissed.

11    C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12  Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
13 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §
14 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
15 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
16 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
17 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay
18 in the intervals between a lower court decision and the filing of a petition in a higher court.
19 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
20 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
21 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
22 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
23 (9th Cir. 1999).

24  Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.
25 For example, no statutory tolling is allowed for the period of time between finality of an appeal and
26 the filing of an application for post-conviction or other collateral review in state court, because no
27 state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.
28 Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

period between finality of an appeal and the filing of a federal petition. Id. at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Kern County on September 24, 2013, and denied with no date specified;[3] and (2) petition filed in the California Supreme Court on June 16, 2014, and denied on August 13, 2014.

Although the record does not reflect the date on which the Kern County Superior Court denied the petition filed on September 24, 2013, that is of no importance since a petitioner is not entitled to statutory tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on July 5, 2007, and Petitioner did not file his first state habeas petition until September 24, 2013, over six years later. Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for his two state habeas petitions.

---

[3] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

D. <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner has made no express or implied claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, the Court makes a preliminary determination that Petitioner is not entitled to equitable tolling.

Based on the foregoing, it appears that the petition is untimely by almost seven years. Before recommending the dismissal of the petition as untimely, however, the Court will, pursuant to the Ninth Circuit's mandate, afford Petitioner an opportunity to provide any additional information in his possession that would affect the timeliness of the petition. If Petitioner fails to respond to this Order to Show Cause, or, if the response he files is insufficient to establish that the petition is timely, the Court will issue Findings and Recommendations to dismiss the petition for violation of AEDPA's one-year state of limitations.

///

///

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 28, 2014**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE