1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  GERALD HAYDN WORSLEY,                     )  Case No.: 1:14-cv-01323-JLT
                                              )
12                 Petitioner,                )  ORDER TO DISMISS PETITION FOR
                                              )  VIOLATION OF THE ONE-YEAR STATUTE OF
13          v.                                )  LIMITATIONS (Doc. 1)
                                              )
14  CONNIE GIPSON, Warden                     )
                                              )  ORDER DIRECTING THE CLERK OF COURT TO
15                 Respondent.                )  ENTER JUDGMENT AND CLOSE THE CASE
                                              )
16                                            )  ORDER DECLINING TO ISSUE CERTIFICATE
                                              )  OF APPEALABILITY
17  _____

18          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his written consent to the jurisdiction of the

20  Magistrate Judge for all purposes on September 4, 2014.  (Doc. 5).

21                                        **PROCEDURAL HISTORY**

22          The instant petition was filed on August 25, 2014.[1]  After a preliminary review of the petition

23

24  [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed
    on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.
25  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of
    legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to
26  his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the
    "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland,
27  250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The date the petition
    is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing
28  under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's
    state petitions and for the instant federal petition, the Court would normally consider the date of signing of the petition (or

                                                        1

1   revealed that the petition may be untimely and should therefore be dismissed, the Court, on August 28,

2   2014, issued an Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 4).

3   On September 10, 2014, Petitioner filed his response, in which he contends that he is entitled to

4   equitable tolling because he is not versed in the law and needed assistance from another inmate to

5   proceed.  (Doc. 6). For the following reasons, the Court finds Petitioner's claim of equitable tolling to

6   be insufficient to avoid dismissal of the petition for violating the one-year limitation period.

7   Accordingly, the Court will dismiss the petition as untimely.

8   **DISCUSSION**

9   A.   Preliminary Review of Petition.

10   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

11   it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

12   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

13   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

14   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

15   an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

16   The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

17   habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

18   notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

19   Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

20   Herbst.

21   B.   Limitation Period For Filing Petition For Writ Of Habeas Corpus

22   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

23   (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

24   after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v.

25   Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant

26

27   the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  However, in this case, Petitioner signed the instant petition under penalty of perjury and indicated the year, i.e., "2014," but did not write a specific

28   date on the final page of the petition.  (Doc. 1, p. 15). Accordingly, the Court will consider the actual filing date in this Court to be the operative date for any statute of limitations analysis.

2

1   petition was filed on August 25, 2014, and thus, it is subject to the provisions of the AEDPA.

2          The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

3   petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

4          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
           corpus by a person in custody pursuant to the judgment of a State court.  The
5          limitation period shall run from the latest of –

6                 (A) the date on which the judgment became final by the conclusion of direct
                  review or the expiration of the time for seeking such review;
7
                  (B) the date on which the impediment to filing an application created by
8                 State action in violation of the Constitution or laws of the United States is
                  removed, if the applicant was prevented from filing by such State action;
9
                  (C) the date on which the constitutional right asserted was initially
10                recognized by the Supreme Court, if the right has been newly recognized by
                  the Supreme Court and made retroactively applicable to cases on collateral
11                review; or

12                (D) the date on which the factual predicate of the claim or claims presented
                  could have been discovered through the exercise of due diligence.
13
           (2) The time during which a properly filed application for State post-conviction or
14         other collateral review with respect to the pertinent judgment or claim is pending
           shall not be counted toward any period of limitation under this subsection.
15

16   28 U.S.C. § 2244(d).

17          In most cases, the limitation period begins running on the date that the petitioner's direct review

18   became final.  Here, the Petitioner was convicted on November 24, 2002.  (Doc. 1, p. 1).  Petitioner

19   appealed to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which reversed the

20   judgment and remanded for re-sentencing on February 28, 2005.  (Id., p. 2). Though Petitioner does not

21   specify the chronology of his entire direct appeal, the Court has accessed the California court system's

22   electronic database to fill in the necessary dates. [2]   Petitioner then filed a petition for review that was

23   denied by the California Supreme Court on May 16, 2005 in case no. F044504.  Following re-

24

25   [2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th
26   Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial
     notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v.
27   Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins.
     Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir.
28   1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court
     of Appeal and the California Supreme Court are subject to judicial notice.

3

1  sentencing, Petitioner again appealed to the 5th DCA, and in case no. F048376, the 5th DCA affirmed

2  the sentence following remand on May 26, 2006, but remanded the case for unspecified reasons.

3  Petitioner did not file a petition for review following the 5th DCA's ruling.  The State of California's

4  court records to not indicate any further action by the appellate courts on Petitioner's conviction and

5  sentence following the final remand.

6          According to the California Rules of Court, a decision of the Court of Appeal becomes final

7  thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be

8  taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule

9  8.500(e)(1).  Thus, Petitioner's conviction would become final forty days after the Court of Appeal's

10  decision was filed, or on July 5, 2006.  Petitioner would then have one year from the following day,

11  July 6, 2006, or until July 5, 2007, absent applicable tolling, within which to file his federal petition for

12  writ of habeas corpus.

13          As mentioned, the instant petition was filed on August 25, 2014, seven years after the date the

14  one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable

15  tolling sufficient to account for ensuing seven years, the instant petition is untimely and should be

16  dismissed.

17          C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

18          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

19  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

20  2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

21  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

22  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner

23  completes a full round of [state] collateral review," so long as there is no unreasonable delay in the

24  intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v.

25  Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v.

26  Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see

27  Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214,

28  220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

1    Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

2    For example, no statutory tolling is allowed for the period of time between finality of an appeal and the

3    filing of an application for post-conviction or other collateral review in state court, because no state

4    court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448

5    F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between

6    finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period

7    is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167,

8    181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on

9    December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period

10   has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

11   Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended

12   before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a

13   petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated

14   claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

15          Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the

16   Superior Court of Kern County on September 24, 2013, and denied with no date specified;[3] and (2)

17   petition filed in the California Supreme Court on June 16, 2014, and denied on August 13, 2014.

18          Although the record does not reflect the date on which the Kern County Superior Court denied

19   the petition filed on September 24, 2013, that is of no importance since a petitioner is not entitled to

20   statutory tolling where the limitations period has already run prior to filing a state habeas petition.

21   Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see

22   Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820

23   (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended

24   before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner

25   fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations

26

27   ─────────────

28   [3] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1  period).   Here, as mentioned, the limitations period expired on July 5, 2007, and Petitioner did not file

2  his first state habeas petition until September 24, 2013, over six years later. Accordingly, Petitioner

3  cannot avail himself of the statutory tolling provisions of the AEDPA for his two state habeas petitions.

4          D.   Equitable Tolling.

5          The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

6  tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561

7  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period

8  is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it

9  impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir.

10  2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's

11  lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

12  limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a

13  litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been

14  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

15  Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he

16  threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow

17  the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a

18  consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

19          Here, Petitioner, in his response to the Order to Show Cause, contends that he is entitled to

20  equitable tolling because of his lack of knowledge of legal matters and his need to enlist the help of

21  other inmates to proceed.  Such allegations are insufficient to invoke the doctrine of equitable tolling. A

22  petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable

23  tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd.

24  of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of

25  law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999);

26  Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Petitioner's indigent status and limited legal

27  knowledge is no different than the overwhelming majority of incarcerated state prisoners attempting to

28  file federal petitions for writ of habeas corpus.  Such circumstances, therefore, are, by definition and

1   necessity, <u>not</u> extraordinary and, hence, do not justify equitable tolling.  If limited resources and legal

2   knowledge were excuses for not complying with the limitations period, Congress would have never

3   enacted the AEDPA since most incarcerated prisoners share these same problems.  Thus, the limitations

4   period will not be equitably tolled on the grounds set forth by Petitioner in his response to the Order to

5   Show Cause.  Accordingly, the petition is untimely by almost seven years and must be dismissed.

6          Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a

7   writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and

8   an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336

9   (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28

10  U.S.C. § 2253, which provides as follows:

11          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
            the final order shall be subject to review, on appeal, by the court of appeals for the circuit

12          in which the proceeding is held.

13          (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
            warrant to remove to another district or place for commitment or trial a person charged

14          with a criminal offense against the United States, or to test the validity of such person's
            detention pending removal proceedings.

15
            (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not

16          be taken to the court of appeals from—

17                  (A) the final order in a habeas corpus proceeding in which the detention
                    complained of arises out of process issued by a State court;  or

18
                    (B) the final order in a proceeding under section 2255.

19
            (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made

20          a substantial showing of the denial of a constitutional right.

21          (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
            issues satisfy the showing required by paragraph (2).

22

23          If a court denied a petitioner's petition, the court may only issue a certificate of appealability

24  when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §

25  2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could

26  debate whether (or, for that matter, agree that) the petition should have been resolved in a different

27  manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."

28  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (*quoting* <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

1    In the present case, the Court finds that Petitioner has not made the required substantial showing

2  of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable

3  jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus

4  relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court

5  DECLINES to issue a certificate of appealability.

6                                              **ORDER**

7    For the foregoing reasons, the Court HEREBY ORDERS:

8        1.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;

9        2.  The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

10       3.  The Court DECLINES to issue a certificate of appealability.

11

12  IT IS SO ORDERED.

13    Dated:   **December 11, 2014**              **/s/ Jennifer L. Thurston**
14                                       UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              8