UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HAYDN WORSLEY,<br><br>   Petitioner,<br><br>  v.<br><br>CONNIE GIPSON, Warden,<br><br>   Respondent. | Case No.: 1:14-cv-01323-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 9) |

The Court dismissed this petition because it was untimely by seven years. (Doc. 7). Plaintiff now seeks reconsideration of that order contending that the Court should liberally construe his petition, he is untrained in the law, he had difficulty enlisting the aid of a "jailhouse lawyer" and that releasing Petitioner would be fiscally cheaper for the State of California than continuing to incarcerate him. (Doc. 9).

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the

judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner fails to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, in his response to the Order to Show Cause, Petitioner argued, as he does here, that his lack of legal understanding, liberal construction of pro se petitioners' pleadings, and his lack of a "jailhouse lawyer," constitute grounds for equitable tolling that should preserve the petition. (Doc. 9). In the order of dismissal, however, the Court expressly considered those points and rejected them. (Doc. 7). In sum, Petitioner provides no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

///
///
///
///
///
///

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2015**                              /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE