UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HAYDN WORSLEY, | Case No.: 1:14-cv-01323-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 11) |
| v. | |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

On August 28, 2014, the Court issued an order to show cause why the petition should not be dismissed for violation of the one-year limitation period for federal habeas petitions. (Doc. 4). Petitioner filed his response, contending, variously, that the Court should liberally construe his petition, that he is untrained in the law, and that he had difficulty enlisting the aid of a "jailhouse lawyer." (Doc. 6). The Court dismissed the petition because it was untimely by seven years. (Doc. 7).

Petitioner sought reconsideration but relied upon the same arguments he made in his response to the order to show cause but argued also that releasing Petitioner would be fiscally cheaper for the State of California than continuing to incarcerate him. (Doc. 9). The Court denied the motion for reconsideration. (Doc. 10).

On June 12, 2015, Petitioner filed the instant motion that purports to object to the denial of the previous motion for reconsideration. (Doc. 11). Accordingly, it will be construed as a second motion

for reconsideration. In the motion, Petitioner argues that he is actually innocent of his 2004 convictions by a jury, which include three counts of lewd and lascivious conduct on children under the age of fourteen, and four other sex offenses, enhanced by prior convictions under California's Three Strikes law.[1] Petitioner makes various arguments about innocence, including lack of sufficient evidence and failure to establish that the pictures were taken by Petitioner or that Petitioner had knowledge of them. Petitioner makes no argument whatever regarding the timeliness of the petition, which was the basis for dismissal.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or

---

[1] These facts are related in the May 26, 2006 opinion of the California Court of Appeal, Fifth Appellate District, case no. F048376, which Petitioner references in his petition.

1 satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.
2 Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or
3 circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what
4 other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

5       Indeed, Petitioner makes no reference whatever to the issue of timeliness, which was the
6 Court's reason for dismissing the petition. Rather, Petitioner makes vague and unsupported
7 contentions that he is "actually innocent" and that the prosecution failed to prove the charges by
8 sufficient evidence. Although "actual innocence" is recognized as an exception that would permit the
9 Court to consider an untimely petition, McQuiggin v. Perkins, 569 U.S.___, 2013 WL 2300806
10 (2013), in this case, apart from generalized observations that Petitioner was on vacation and unnamed
11 persons *could have* had access to his computer and uploaded the illegal photographs, Petitioner
12 provides no credible evidence of "actual innocence." While such vague arguments might properly be
13 made in a closing argument in a jury trial, they fall far short of establishing entitlement to
14 reconsideration.

15       In McQuiggin, the Supreme Court noted that cases of actual innocence were "rare" because it
16 was so demanding: "[A] petitioner does not meet the threshold requirement unless he persuades the
17 district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find
18 him guilty beyond a reasonable doubt." McQuiggin, at *3. Petitioner's argument that reasonable
19 jurors *could* have found Petitioner not guilty is not at all the same as establishing that *no reasonable*
20 *juror would* have found Petitioner guilty. The former is what Petitioner is attempting to establish; the
21 latter is what McQuiggin requires to avoid dismissal for untimeliness.

22       Additionally, Petitioner contends that he has "newly discovered evidence." However, the
23 motion does not contain any newly discovered evidence; instead, Petitioner appears to rely upon the
24 state of evidence presented at trial. None of the foregoing provides any legal basis for reconsideration
25 of dismissal. The petition is untimely and, under federal law, must be dismissed.

26       In sum, Petitioner has provided no evidence or circumstances that would satisfy the
27 requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.
28 ///

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated: __**June 18, 2015**__                              __/s/ Jennifer L. Thurston__
                                                               UNITED STATES MAGISTRATE JUDGE